IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEMON JACKSON,<br>  #48182-177,<br>           MOVANT,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>           RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:20-CV-1738-D-BK<br>(CRIMINAL NO. 3:14-CR-238-D-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Michael Demon Jackson's *pro se Motion to Hold in Abeyance or for a Place Holder Pursuant to Title 28 U.S.C. § 2244(b)(3)(A) and § 2255(h)* was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Doc. 2 at 1. Upon review of the relevant pleadings and applicable law, the motion should be **DENIED**.

**I.   BACKGROUND**

Jackson pled guilty to conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1, "Hobbs Act" robbery) and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 4 and 6), and was sentenced to consecutive terms of 210 months' imprisonment on Count 1, 84 months' imprisonment on Count 2, and 300 months' imprisonment on Count 6. Crim. Doc. 67. Jackson did not pursue a direct appeal and this Court subsequently denied his motion to vacate sentence under 28 U.S.C. § 2255 as time barred. *Jackson v. United States*, No. 3:16-CV-1677-D-BK, Civ. Doc. 5 (N.D. Tex. July 20, 2017).

On June 15, 2020, Jackson filed a *Motion for Authorization to File a Successive Application under 28 U.S.C. § 2255* in the United States Court of Appeals for the Fifth Circuit, based on the holding of *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). Doc. 2 at 1. The motion is pending and Jackson has until July 16, 2020, to file a proper motion for authorization. *Id.*; *see In re Jackson*, No. 20-10607 (June 16, 2020 Fifth Circuit Clerk's letter).

By the motion *sub judice*, Jackson seeks "to hold in abeyance or for a place holder his entitlement to collateral relief" under 28 U.S.C. § 2255. Doc. 2 at 1. He asserts that he is "exercising due diligence" in making such request. Doc. 2 at 2. As stated herein, however, this Court lacks jurisdiction to rule on Jackson's motion to stay or for a place holder.

II.     ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a movant may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). But before a movant may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* Section 2255(h); Section 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the movant permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam).

The Fifth Circuit Court of Appeals has not issued an order authorizing this Court to consider Jackson's successive Section 2255 motion. Absent such an order, the Court lacks jurisdiction to review a successive application and by extension any related motion. *See Key*, 205 F.3d at 774 ("When a statute removes jurisdiction over a particular type of case from the

district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction."). Consequently, the Court lacks jurisdiction to consider Jackson's motion to stay. *See United States v. Cole*, 187 F. App'x 378, 379 (5th Cir. 2006) (per curiam) (affirming dismissal of motion for an evidentiary hearing and sentencing modification because the motion was in essence a successive § 2255 motion, which the district court lacked jurisdiction to consider absent authorization from the Fifth Circuit (citing *Key,* 205 F.3d at 774)); *Arnick v. United States*, No. 3:16-CV-1825-M-BN, 2016 WL 8808209 (N.D. Tex. Aug. 5, 2016), *R. & R. accepted,* 2017 WL 1479243 (N.D. Tex. Apr. 25, 2017) (denying motion to stay and dismissing successive § 2255 motion as Movant had already moved for authorization to file a successive application in the Fifth Circuit).[1]

### III. CONCLUSION

For the foregoing reasons, it is recommended that Jackson's *Motion to Hold in Abeyance or for a Place Holder* be **DENIED** and that the Section 2255 case be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on July 20, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Generally, when authorizing the filing of a successive motion in this Court, the Fifth Circuit instructs that "[t]he filing date shall be, at the latest, the date the motion for authorization was received in [the Fifth Circuit], unless the district court determines that an earlier filing date should apply." *See, e.g., In re Edmonds*, No. 16-10673 (5th Cir. June 27, 2016) (per curiam).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).